IN THE MATTER OF THE WILL OF MARY A. MAYNARD, DECEASED.

[No. 8,459; decided October, 1909.]

**Fraud and Undue Influence.**—In Pleading Fraud and Undue Influence, it is not sufficient to state their nature, but the facts should be alleged; and they should be stated with certainty and expressly connected with the testamentary act.

**Fraud and Undue Influence.**—Allegations of Fraud and Undue Influence should be as positive, precise, and particular as the nature of the case will allow.

**Undue Influence.**—The Mere Fact that the Beneficiary in a Will had an opportunity to procure a will in his favor, or that he had a motive for the exercise of undue influence, does not raise a presumption of its exercise.

**Undue Influence—Pleading.**—The Exercise of Undue Influence must be directly pleaded as bearing upon the testamentary act.

**Undue Influence, to Invalidate a Will, must be Such** as to destroy the free agency of the testator at the time and in the very act of making the testament. It must bear directly upon the testamentary act.

**Undue Influence.**—An Allegation that Influence was Overpowering or that the testatrix was unable to resist, without the recital of the facts supporting such conclusion, is not sufficient.

William O. Minor and Richard B. Bell, for the contestant.

Morrison, Cope & Brobeck, for the demurrer.

COFFEY, J.  In pleading fraud and undue influence, it is not sufficient to state the nature of the fraud and undue influence, but the facts should be alleged, and they should be stated with certainty and expressly connected with the testamentary act.

Allegations of fraud and undue influence should be as positive, precise and particular as the nature of the case will allow. The mere fact that the beneficiary had an opportunity to procure a will in his own favor, or that he had a motive for the exercise of undue influence, does not raise a presumption of its exercise.  Such exercise must be directly pleaded as bearing upon the testamentary act.

Undue influence, in order to invalidate a will, must be such as to destroy the free agency of the testator at the time and in the very act of making the testament.  It must bear directly upon the testamentary acts.

An allegation that influence was overpowering or that the testatrix was unable to resist, without the recital of the facts supporting such conclusion, is not sufficient: Estate of Clara Harris, 3 Cof. Pro. Dec. 1.

The kind of undue influence that will destroy the instrument must be such as in effect destroyed the testator's free agency, and overpowered his volition at the time of the making of the will: Estate of Motz, 136 Cal. 558, 69 Pac. 294.